Tatior, Chief Justice,
 

 delivered the opinion of the Court.
 

 The eight caáes between these parties, are brought to recover penalties for the obstruction of a public road; the same obstruction having been continued for a considerable period, and the penalties claimed being at the rate of five pounds per month. In four of the suits, the plaintiff entered a nonsuit in the County Court, and then immediately appealed from the judgment; and the prior question is, as to the regularity of .this practice. Accor-düig to the principle on which a nonsuit is founded, it supposes an absence and default in the plaintiff, and that he does not pursue or follow his remedy as he ought to do, and thereupon a nonsuit, or
 
 non
 
 prosequitur, is entered, and he is said to be nonsuit; and for this he was, at common law, liable to an amercement. It may be assimilated, on the part of the plaintiff, to a judgment by default on the part of the defendant. Thus, when a jury are ready to deliver their verdict, the plaintiff is bound to appear in Court in person, or by his attorney; otherwise it cannot be, given, and he, the plaintiff, becomes nonsuit; and there seems to be no way in which a. non-suit can be voluntarily suffered, unless the plaintiff withdraw himself, or fail to answer when called: so essentially does the idea of omission or neglect enter into it. (3
 
 Bl. Com.
 
 296. 316. 376.) And this description of a non-suit is confirmed by the mode of entering up the judgment: ‘‘ upon which the'said A. being solemnly called, doth not come, nor further prosecute his bill against the said B., therefore, &c. (2
 
 Lilly
 
 508.) Although the record states that the plaintiff went into Court and suffered a nonsuit; •yet calling it so cannot make it a nonsuit, against the nature and name of the thing. It comes, however, precisely within the-description and character of a
 
 retraxit
 
 
 *231
 
 ¡is given in the books. If the plaintiff says he will not sue, this is a
 
 retraxit;
 
 but if he says ho will not appeal, this is not a"
 
 retraxit,
 
 but a nonsuit. A
 
 retraxit
 
 cannot be, unless the plaintiff or demandant be in Court in proper person. (2
 
 Danvers
 
 471. 8
 
 Co.
 
 58.) Lord
 
 Coke
 
 also enters into a particular consideration of the difference between a nonsuit and a
 
 retraxit,
 
 in his commentary upon
 
 Littleton;
 
 the substance of which is, that a nonsuit is error after demand made, when the demandant or plaintiff should appear, and he makes a default. A
 
 re-traxit
 
 is error, when the demandant or plaintiff is present in Court.
 
 (Co. Lit,
 
 139
 
 a.)
 
 To the same effect is Mr. Justice
 
 Blackstone:
 
 a
 
 retraxit
 
 differs from a nonsuit, in that the one is negative and the other positive. The nonsuit is a mere default and neglect of the plaintiff; and, therefore, he is bound to bring his suit again, upon payment of cost; but a
 
 retraxit
 
 is an open and voluntary renunciation of his suit in Court, and by this he for ever looses
 
 Ms
 
 action. If any other proof is necessary of the nature and effect of a
 
 retraxit,
 
 it will appear in the mode of entering up the judgment;
 
 “
 
 the said A. B. came into Court, in his own proper person, and confessed that he would not further prosecute his said suit against the said C. D., but from the same altogether withdrew himself.” (3
 
 Chiiiy
 
 477.) It seems impossible, from the authorities, to consider the act done by the plaintiff in this case, in any other light than a voluntary renunciation of his suit, and operating, according to the plain dictates of justice and law, as an impediment to any further prosecution of his actions. In the rest of the cases, there is a fatal defect appearing on the face of the warrants, in their omitting to state that the offence was committed against the act of assembly. It is not a formal, but a substantial rule, that requires a party, who sues upon a penal statute, to apprise the adversary, by some general reference, that he is sued for violating the statute. When a person is sued for a penalty on a statute, it is necessary
 
 *232
 
 to rehearse the special matter, and say that the action is brought against the form of the statute; otherwise, if it he not a.penal oifence at common law, the Court will not look to see if it he an oifence by statute;—and the defendant has no right to suppose that he is sued otherwise than at common law. He may thus be prevented from making a due defence, which perhaps the law, if he were referred to it, would enable him to make. Saying that he obstructed the road contrary to law, gives him no information; he would naturally inquire, what law? statute or common? A long train of decisions has established the principle; and much as we incline to give a liberal construction to proceedings before magistrates, this is an objection that cannot be surmounted. The case is not to be distinguished from
 
 Scroter
 
 v. Harrington, (1
 
 Hawks
 
 192.) One of the warrants concludes properly, and might be supported were it not affected by the other objection. The Court is of opinion that there must be judgment for the defendant in all the cases.